UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. CV-13-3035-EFS |
| Plaintiff, | |
| v. | **ORDER SUMMARILY REMANDING TO YAKIMA COUNTY SUPERIOR COURT AND CLOSING FILE** |
| ERNEST GLASGOW BARELA, | |
| Defendant. | |

On April 1, 2013, Defendant Ernest Barela purported to remove this criminal action from the Yakima County Superior Court by filing a Notice of Removal with this Court. ECF No. 1. Defendant alleges that during the pendency of the underlying state-court criminal action, he has been denied due process of law and effective assistance of counsel in violation of the Fifth and Sixth Amendments to the U.S. Constitution. *Id*. Although Defendant is represented in the criminal matter by Paul Kelley, a staff attorney with the Yakima County Department of Assigned Counsel, Defendant has filed the instant Notice of Removal *pro se*. No counsel for Plaintiff State of Washington has yet appeared before this Court to address the validity of Defendant's purported removal.

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction,

ORDER SUMMARILY REMANDING TO YAKIMA COUNTY
SUPERIOR COURT AND CLOSING FILE - 1

and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Federal courts must resolve all ambiguity in favor of remand. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Moreover, the Court has a duty to "establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties [have] raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (citing *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128 (3d Cir. 1998)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Whenever a state-court criminal prosecution is removed, the Court must "examine the notice [of removal] promptly" upon its filing, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

In his notice of removal, defendant asserts that removal is proper under 28 U.S.C. §§ 1441(a) and 1446(d). Section 1441(a) states, in pertinent part:

> [A]ny ***civil*** action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

1       defendants, to the district court of the United States for the district and division embracing the place where such
2       action is pending.

3 § 1441(a) (emphasis added). Section 1446 sets forth the procedural
4 requirements for effecting such a removal, but it also plainly applies
5 only to removal of civil actions. *See, e.g.*, § 1446(a) (requiring any
6 defendant "desiring to remove any ***civil*** action" to file a signed
7 notice of removal (emphasis added)); § 1446(b)(2) (requiring the
8 notice of removal "of a ***civil*** action or proceeding" to be filed within
9 thirty days after the civil suit is initiated (emphasis added)); §
10 1446(d) (requiring a removing defendant to provide written notice to
11 adverse parties of removal "promptly after the filing of such notice
12 of removal of a ***civil*** action" (emphasis added)).

13     Thus, by their plain language, the removal statutes relied upon
14 by Defendant only apply to civil actions. This, however, is a
15 criminal action, as Defendant plainly acknowledges in his Notice of
16 Removal. *See* ECF No. 1, at 2. Accordingly, these civil-action
17 removal statutes do not authorize removal of this criminal action.

18     Under narrow and limited circumstances, state-court criminal
19 prosecutions may be removed to federal court. Any officer of the
20 United States or its courts, any officer of either House of Congress,
21 or any member of the U.S. armed forces subject to criminal prosecution
22 may remove such an action if it arises from acts done under color of
23 such office or status. *See* 28 U.S.C. §§ 1442(a), 1442a. However,
24 Defendant does not allege he is a federal officer being prosecuted for
25 acts performed under color of such authority; thus, § 1442 and § 1442a
26 do not provide Defendant the right to remove this action.

ORDER SUMMARILY REMANDING TO YAKIMA COUNTY
SUPERIOR COURT AND CLOSING FILE - 3

Additionally, any criminal defendant may remove a criminal prosecution to federal court if he seeks to – and, because of state law, cannot – assert a defense to the prosecution based on federal laws protecting equal civil rights. *See* 28 U.S.C. § 1443; *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006). A petition for such a removal must satisfy a two-part test: it must assert 1) "'as a defense to the prosecution, rights that are given to [the defendant] by explicit statutory enactment protecting equal racial civil rights,'" and 2) that such rights cannot be enforced because of "'a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'" *Patel,* 446 F.3d at 998-99 (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). Here, Defendant has not alleged a defense to the underlying criminal prosecution arising from statutory enactments protecting equal racial civil rights, and he has pointed to "no formal expression of state law that prohibits [him] from enforcing [such] civil rights in state court[.]" *Id.* at 999. Accordingly, Defendant may not rely on the removal provisions of § 1443.

Whenever a state-court criminal proceeding is removed to federal court, the notice of removal must include all grounds for such removal. § 1455(a),(b)(2). Defendant's notice of removal does not identify — or, for that matter, suggest the existence of — any statute or other authority empowering Defendant to remove this criminal action from Yakima County Superior Court. Defendant has therefore failed to satisfy his burden of establishing that the Court has subject-matter jurisdiction over this action.

ORDER SUMMARILY REMANDING TO YAKIMA COUNTY
SUPERIOR COURT AND CLOSING FILE - 4

1    Moreover, Defendant may not cure this deficiency by filing a
2 second notice of removal stating additional grounds justifying
3 removal. "A failure to state grounds that exist at the time of the
4 filing of the notice shall constitute a waiver of such grounds, and a
5 second notice may be filed only on grounds not existing at the time of
6 the original notice." § 1455(b)(2).  Thus, even to the extent that
7 Defendant could cure his defective notice of removal by providing
8 authority for removal of this criminal action, he has now waived the
9 opportunity to do so.

10    Defendant's purported removal is defective for an additional
11 reason: although represented by counsel, Defendant seeks to remove
12 this action *pro se*.  Defendant may not file *pro se* pleadings with the
13 Court as long as he is represented by counsel. *See, e.g.*, *United*
14 *States v. Gallardo*, 915 F. Supp. 216, 218 n.1 (D. Nev. 1995).
15 Defendant does have a right to represent himself *pro se* without the
16 assistance of counsel; however, he has not yet "knowingly,
17 intelligently, and unequivocally invoked his right to self-
18 representation." *Id.* at 217.  Until he invokes that right, and as
19 long as he remains represented by counsel in the underlying criminal
20 matter, Defendant may not proceed *pro se* before this Court.

21    Any concern that Defendant has regarding the effectiveness of
22 the assistance he is receiving from appointed counsel must be raised,
23 in the first instance, with the state-court judicial officer presiding
24 over his case.  If he is subsequently convicted of the crime alleged,
25 he may challenge the adequacy and effectiveness of his representation
26 in the Washington state court system through various procedural

ORDER SUMMARILY REMANDING TO YAKIMA COUNTY
SUPERIOR COURT AND CLOSING FILE - 5

mechanisms: direct appeals, motions for discretionary review, and personal restraint petitions. After — and *only* after — he has fully exhausted his constitutional claims at all levels of state-court review, he may seek relief in federal court by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). At the present, however, Defendant has not established a proper basis for removal, and the Court therefore lacks jurisdiction to consider his claims.

Accordingly, **IT IS HEREBY ORDERED**:

1. Pursuant to 28 U.S.C. § 1455(b)(4), this matter is summarily **REMANDED** to the Yakima County Superior Court (Cause No. 12-1-00556-2) for all further proceedings.

2. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant, Mr. Kelley, the Yakima County Prosecutor's Office, and the Yakima County Superior Court.

**DATED** this 9th day of April 2013.

s/Edward F. Shea<br>EDWARD F. SHEA<br>Senior United States District Judge

Q:\EFS\Civil\2013\3035.remand.close.lc2.docx

ORDER SUMMARILY REMANDING TO YAKIMA COUNTY
SUPERIOR COURT AND CLOSING FILE - 6